Zheng v. Barr
BIA
Poczter, IJ
A208 019 392

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty.

PRESENT:
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

MENGQIAN ZHENG,
*Petitioner,*

v.                                                    18-1815
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:              James A. Lombardi, New York, NY.

FOR RESPONDENT:              Joseph H. Hunt, Assistant Attorney
                             General; Song E. Park, Senior
                             Litigation Counsel; Matt A. Crapo,
                             Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mengqian Zheng, a native and citizen of the People's Republic of China, seeks review of a May 29, 2018, decision of the BIA affirming a June 26, 2017, decision of an Immigration Judge ("IJ") denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mengqian Zheng,* No. A 208 019 392 (B.I.A. May 29, 2018), *aff'g* No. A 208 019 392 (Immig. Ct. N.Y. City Jun. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA assumed credibility, we assume credibility as to Zheng's subjective fear of future harm. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005). The

2

applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Zheng began practicing Christianity while in the United States and alleged a fear of persecution in China because she would continue to practice Christianity if removed. Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii); *see In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005) (defining pattern or practice of persecution as "systemic or pervasive" persecution); *Santoso v. Holder,* 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (upholding denial of pattern or practice claim where under this "systemic or pervasive" standard). "[I]n order to establish eligibility for relief based exclusively on activities

undertaken after [her] arrival in the United States, an alien must make some showing that authorities in [her] country of nationality are (1) aware of [her] activities or (2) likely to become aware of [her] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 137 (2d Cir. 2008).

Zheng does not allege that the Chinese government is aware of her religious practice, and she does not challenge the agency's ruling that she had not shown a reasonable possibility that she would be singled out for persecution. Instead, Zheng argues that there is a reasonable possibility that the Chinese government will become aware of her religious practice because she intends to attend an underground church, and that there is a reasonable possibility that she will be persecuted as a result because the government has a pattern or practice of persecuting similarly situated Christians. However, the agency reasonably concluded that Zheng failed to show a pattern or practice of persecution of Christians who attend unregistered churches in China.

The State Department's 2015 International Religious Freedom Report states that there are approximately 45 million Christians practicing in unregistered churches in China and

4

that authorities in some areas of the country allow unregistered churches to hold services "provided they remained small in scale," although authorities in other areas target and close such churches. *See* China 2015 Int'l Religious Freedom Rep. at 3, 14, available at 2009-2017.state.gov/documents/organization/256309.pdf. It further reports that China's State Administration for Religious Affairs policy provides that "family and friends have the right to meet at home for worship, including prayer and Bible study, without registering with the government." *Id.* at 6. The other country conditions evidence Zheng submitted reflect abuses against people who are not similarly situated to Zheng—who testified that she would attend services at an unregistered church, but not that she would take a leadership role, proselytize, or engage in other activism—or concern areas of China other than Zheng's native Fujian province. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 165–66, 174 (2d Cir. 2008) (finding that the BIA does not err in requiring localized evidence of persecution when the record reflected wide variances in how policies are understood and enforced throughout China). Similarly,

although Zheng alleged that she had heard of people being persecuted for their religious beliefs, she did not provide details of specific instances of persecution of individuals for attending churches in in her home province. *Cf. id.* at 160 (holding that "unattributed reports" of forced sterilizations absent "specificity as to number or circumstance" did not "demonstrate a reasonable possibility . . . [of] future persecution").

Given the large number of Christians practicing in unregistered churches in China, the nationwide variation and the dearth of documented persecution of individual members of unregistered churches in Zheng's home province, the agency reasonably concluded that Zheng failed to establish a pattern or practice of persecution of similarly situated individuals. *See id.* at 165–66, 174; *see also Santoso*, 580 F.3d at 112 & n.1 (denying petition where agency considered background materials and rejected pattern or practice claim because violence was localized). Accordingly, because Zheng failed to demonstrate the well-founded fear of persecution needed for asylum, the agency did not err in finding that she failed to meet the higher standard for withholding of removal.

*See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
